# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                                                               Case No. 25-cr-63-wmc

**ANTHONY HOHENSTEIN**,

        Defendant.

## SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER

Anthony Hohenstein, by attorney Mark P. Maciolek, Maciolek Law Group, respectfully submits this supplemental brief in response to the Court's order of March 3, 2026 (R. 299), directing briefing on the timeliness of Defendant's Motion for a Bill of Particulars (R. 285).

**I. The Text of Rule 7(f) Grants the Court Broad Discretion to Permit Motions for Bills of Particulars Outside the 14-day Timelimit.**

Federal Rule of Criminal Procedure 7(f) provides, in full:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires. Fed. R. Crim. P. 7(f)

The rule contains three operative sentences, each addressing a different actor. The first grants the court independent authority to order a bill of particulars. The second establishes a default 14-day deadline for defense motions but expressly authorizes the court to permit late filing. The third governs government amendments to a bill of particulars already ordered, requiring that amendments be "subject to such conditions as justice requires."

The "as justice requires" standard applies exclusively to the third sentence—conditions on government amendment—and does not govern the court's decision whether to permit a late-filed defense motion under the second sentence. The court's authority to permit late filing is discretionary and unqualified—the rule says only that the defendant may move "at a later time if the court permits." No heightened standard or showing of "good cause" is written into the rule.

Courts routinely exercise this discretion by considering whether: (1) the defendant has shown a justifiable reason for the delay; (2) the government would be prejudiced; and (3) the bill of particulars is substantively warranted. *See, e.g., United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) (reviewing bill of particulars denial for abuse of discretion); *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) (same). Each factor favors permitting the motion here.

## II. The Delay Was Justified Because All Discovery Was Produced After the 14-Day Window Closed.

Mr. Hohenstein was arraigned on the Second Superseding Indictment on November 18, 2025. R. 119. The 14-day window under Rule 7(f) therefore expired on or about December 2, 2025. As of that date, the defense had received ***no discovery whatsoever***. The government's discovery productions in this case were disclosed on the following dates:

- December 3, 2025; R. 134
- December 30, 2025; R. 147
- January 28, 2026; R. 246
- February 10, 2026; R. 264

Every production occurred after the Rule 7(f) deadline. It was therefore impossible for defense counsel to make an informed assessment of whether a bill of particulars was needed within the 14-day window. A motion filed at that point would have been premature—a "shot in the dark" untethered to any review of the government's evidence.

Following receipt of discovery, counsel reviewed the government's production, which encompasses over 90,000 bates-stamped items, including thousands of Title III wiretap intercept recordings, transcripts, and line notes. This review was necessary to evaluate the sufficiency of the indictment, identify potential defenses, and determine whether the discovery itself provided adequate notice of the government's theory. Only after completing this review—and concluding that the discovery did not reveal the factual basis for the government's conspiracy theory as applied to Mr. Hohenstein—did counsel file the motion on February 26, 2026.

Filing the motion after reviewing the evidence was reasonable. Had counsel filed within 14 days of arraignment—before seeing a single Bates item of discovery—the government would undoubtedly have opposed the motion on the ground that the forthcoming discovery would provide adequate notice. Filing after discovery review allowed the defense to demonstrate that it did not.

**III.   The Government Suffers No Prejudice.**

It seems unlikely that the District Judge will keep the April 13, 2026, trial date for Mr. Hohenstein. At the March 3, 2026 status conference, the Court and parties discussed the likelihood that the trial will be continued and the defendants grouped for separate proceedings. Permitting Mr. Hohenstein's motion for a bill of particulars to be briefed and fully developed will not unduly delay trial. The requested bill of particulars asks the government to specify the

factual basis for its conspiracy theory as applied to Mr. Hohenstein—information the government should already possess, as it should have formed the basis for seeking the indictment against Mr. Hohenstein in the first place.

## IV. The Substantive Need for the Bill of Particulars Reinforces Its Timeliness.

The government will likely argue that its extensive discovery production provides Mr. Hohenstein with adequate notice and therefore moots the need for a bill of particulars. The defense has now reviewed the Title III wiretap intercepts involving Mr. Hohenstein across the relevant target telephone numbers. Despite this review, the defense cannot identify evidence that Mr. Hohenstein distributed, redistributed, or possessed with intent to distribute controlled substances. The intercepted communications are consistent with a buyer—not a conspirator.

This conclusion is consistent with the government's own characterization of Mr. Hohenstein. At the grand jury, the government's witness—the case agent—testified that "Mr. Hohenstein was exclusively a fentanyl customer of the Purnell DTO." Grand Jury Tr. at 31. The government elicited no testimony that Mr. Hohenstein distributed narcotics to others, recruited participants, possessed distribution paraphernalia, or received drug proceeds.

The government has informally indicated that its theory rests on Mr. Hohenstein's level of trust with the lead defendant Jamar Purnell, and on the fact that Purnell contacted Hohenstein when law enforcement executed search warrants. But trust between a buyer and a seller is a potential factor in a conspiracy; it does not establish a conspiracy. *United States v. Page,* 123 F.4th 851, 863 (7th Cir. 2024)

The defense is not asking the government to preview its trial strategy or reveal its evidence in granular detail. The defense is asking the government to identify, at a basic level, the factual theory that transforms Mr. Hohenstein from a customer—which the government's

own witness called him—into a conspirator. That is precisely the type of information a bill of particulars is designed to provide. A bill of particulars "is to provide the defendant with the information necessary to prepare a defense." *United States v. Finley,* 705 F. Supp. 1272, 1277-78 (N.D. Ill. 1988).

If the government's 90,000-item discovery production truly provided adequate notice of the conspiracy theory, the defense would be able to identify that theory after review. It cannot. That reality both justifies the bill of particulars on the merits and explains why the motion could not have been filed earlier.

## CONCLUSION

For the foregoing reasons, the Court should exercise its discretion under Rule 7(f) to permit the Motion for a Bill of Particulars and proceed to address the motion on the merits.

Respectfully submitted this 10th day of March, 2026.

**MACIOLEK LAW GROUP**
Attorneys for Anthony Hohenstein


/s/ Mark P. Maciolek
Mark P. Maciolek
State Bar #: 1054208
750 Windsor Street, # 206
Sun Prairie, WI  53590
Phone:  (608) 403-3252